IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ALLSTATE FIRE and CASUALTY
INSURANCE COMPANY,

      Plaintiff/Counter-Defendant,

vs.

BERNIE and MICHAEL TRISSELL,

      Defendants/Counter-Plaintiffs.

No.     1:17-cv-00362 PJK/GBW

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of Plaintiff/Counter-Defendant
Allstate's Motion for Summary Judgment filed September 18, 2017, ECF No. 15, and
Defendants/Counter-Plaintiffs Bernie and Michael Trissell's Motion for Summary
Judgment filed September 18, 2017, ECF No. 16. Plaintiff Allstate filed this declaratory
judgment action urging that (1) the Trissells selected non-stacked uninsured/underinsured
(UM/UIM) coverage, and their selection was valid under New Mexico law, (2) the policy
provides only non-stacked UM/UIM coverage of $25,000 per person and $50,000 per
accident, and (3) Allstate has not acted in bad faith in so interpreting the policy.
Defendants filed a counterclaim for declaratory judgment that Allstate failed to properly
offer stacked coverage and did not obtain a valid rejection of stacked coverage. The
Trissells seek reformation of the policy to provide stacked UM/UIM coverage of $75,000

per person and $150,000 per accident, and they also counterclaim for breach of contract, violations of the Unfair Insurance Practices Act, insurance bad faith, and punitive damages. ECF No. 6 at 6–11. The court will grant summary judgment in favor of Allstate and deny the Trissells' motion for summary judgment. Because the court concludes that Allstate's decision on the Trissells' stacking claim was proper, the court will enter judgment on the counterclaim in favor of Allstate.[1]

Background

The following facts are uncontroverted by the parties. On January 30, 2016, the Trissells were involved in auto accident when they were struck by an intoxicated driver. ECF No. 15 at 2, UDF[2] No. 1. The Trissells were insured under an Allstate policy that insured three vehicles, including the one involved in the accident. Id., UDF No. 2. Each vehicle carried UM/UIM bodily injury insurance of $25,000 per person, $50,000 per accident. ECF No. 16 at 2, UDF No. 5. The Trissells claim that as a result of the accident, their injuries are greater than that available under the tortfeasor's policy and that they should be allowed to stack their UM/UIM benefits under the Allstate policy. ECF No. 15 at 3, UDF No. 5. The Trissells initialed a form indicating that they selected non-

---

[1] The Trissells suggest that in the event the court rules in favor of Allstate, the statutory violations and bad faith action would be moot. ECF No. 19 at 8.

[2] UDF = undisputed fact.

stacked UM/UIM for bodily injury and non-stacked UIM for property damage.  <u>Id.</u>, UDF

No. 7.  That form provides in pertinent part:

> I select **non-stacked** Uninsured Motorists Insurance for Bodily Injury and **non-stacked** Uninsured Motorists Insurance for Property Damages at limits:

> <u>  MDT  </u> **equal** to my Bodily Injury and Property Damage Liability
> (initials)    Insurance limits of **$25,000/$50,000/$50,000** for all vehicles
>               on the policy, for **$121.66**

<u>Id.</u>  After signing the UM/UIM Selection/Rejection Form in April 2015 and prior to the

accident, the Trissells never informed Allstate in writing that they wanted a change in the

UM/UIM selection.  <u>Id.</u> at 4, UDF No. 9.

The Trissells' position is that Allstate and its form are noncompliant with New

Mexico law regarding the selection and rejection of UM/UIM coverage and stacking.

ECF No. 19 at 3; ECF No. 16 at 6–7.  They contend that Allstate's form is invalid

because

- It does not provide a menu list with the price of UM/UIM coverage for each vehicle for the available level of coverage on each vehicle.

- It does not show the available levels of stacked coverage per vehicle with a corresponding price per vehicle.

- It does not contain a per-vehicle rejection of UM/UIM on each vehicle.

ECF No. 16 at 3–4.  The Trissells argue that these deficiencies mean that they were not

properly informed about the premium costs corresponding to the available levels of

coverage; thus, the form and their rejection are invalid and the policy must be reformed.

Id.  They also maintain that Allstate failed to incorporate their rejection into the policy,

denying them a fair opportunity to reconsider their decision to reject.  Id. at 2.


Discussion

Summary judgment is appropriate "if the movant shows that there is no genuine

dispute as to any material fact and the movant is entitled to judgment as a matter of law."

Fed. R. Civ. P. 56(a).  Once a movant comes forward with a fact of consequence it claims

is undisputed, the nonmovant cannot rest on mere denials.  Fed. R. Civ. P. 56(c)(1).  The

nonmoving party must cite materials from the summary judgment record or show that the

materials relied upon by the movant do not establish the fact or that the movant cannot

present the material in a form that would be admissible.  Id.; see also D.N.M.LR-Civ.

56.1(b) (requiring reference to record materials for disputed facts).

The court views the facts in the light most favorable to a party opposing summary

judgment, see White v. Pauly, 137 S. Ct. 548, 550 (2017), and must determine whether

any genuine issue of material fact exists on either side of the case, SEC v. Am.

Commodity Exch., Inc., 546 F.2d 1361, 1365 (10th Cir. 1976).  Normally, only the

evidence filed by the parties need be considered in resolving the dispute.  Am.

Commodity Exch., 546 F.2d at 1366.  In this diversity case, the court applies New

Mexico substantive law and federal procedural law.  See Gasperini v. Ctr. for Humanities,

Inc., 518 U.S. 415, 427 (1996).

New Mexico law requires insurers to offer UM/UIM coverage up to the liability limits of the policy.  N.M. Stat. Ann. § 66-5-301(A)–(B) (2017).  The minimum liability limits for bodily injury are $25,000/$50,000.  Id. §§ 66-5-215(A)(1)–(2), -301(A).  Insureds have the right to reject such coverage, id. § 66-5-301(C), but before such coverage is excluded, an insurer must obtain a valid rejection.  Jordan v. Allstate Ins. Co., 245 P.3d 1214, 1221 (N.M. 2010).  The rejection must be in writing and must be made part of the policy.  N.M. Code R. § 13.12.3.9 (2017).  The statute and its implementing regulation are intended to expand coverage and protect members of the public from the hazard of at-fault uninsured or under-insured motorists.  See Romero v. Dairyland Ins. Co., 803 P.2d 243, 245 (N.M. 1990).  Accordingly, these provisions are interpreted liberally to further their remedial purpose; providing the maximum of UM/UIM coverage is the default rule, and exceptions are construed strictly to protect an insured.  Jordan, 245 P.3d at 1219.

In Progressive Northwest Insurance Co. v. Weed Warrior Services, 245 P.3d 1209 (N.M. 2010), the New Mexico Supreme Court held that an insurer must offer UM/UIM limits up to the liability limits of the policy and that an insured's decision to purchase a lower amount constitutes a rejection of the maximum amount.  245 P.3d at 1213.

Thereafter, the New Mexico Supreme Court explained what is necessary for an effective rejection of UM/UIM coverage:

> In these cases, we detail for the first time the technical requirements for a valid rejection of UM/UIM coverage in an amount equal to liability limits. By requiring insurance carriers to list premium costs corresponding to each

available UM/UIM coverage level, we are providing specific guidance concerning the form and manner that valid offers and rejections of UM/UIM insurance must take to comply with controlling statutory and regulatory provisions.

Jordan, 245 P.3d at 1222.  The court requires insurers to "provide the insured with the premium charges corresponding to each available option for UM/UIM coverage so that the insured can make a knowing and intelligent decision to receive or reject the full amount of coverage."  Id. at 1217.  The court provided the following analysis:

If an insurer does not (1) offer the insured UM/UIM coverage equal to his or her liability limits, (2) inform the insured about premium costs corresponding to the available levels of coverage, (3) obtain a written rejection of UM/UIM coverage equal to the liability limits, and (4) incorporate that rejection into the policy in a way that affords the insured a fair opportunity to reconsider the decision to reject, the policy will be reformed to provide UM/UIM coverage equal to the liability limits.

Id. at 1221.

The Trissells contend that the selection form is deficient based on these requirements, particularly the second requirement.  ECF No. 16 at 6–7.  They maintain that the form also should have shown the separate costs of stacking none, two, or three of the coverages (and offered such options) and contained a written rejection of stacking for each vehicle.  Id.

In this case, there are several material facts that remain undisputed notwithstanding the Trissells various responses.  ECF No. 19 at 1–2, response to UDF No. 6, 8, 10, 13–15.  The Trissells indicate that they merely deny the fact, or they are not in a position to admit or deny, or the fact is immaterial, or they question whether the fact is an accurate

statement of New Mexico law. Many of these material facts are supported by the policy documents and the UM/UIM Selection/Rejection Form. In reality, the Trissells contest the legal implications of these facts, not the authenticity of the underlying documents.

The UM/UIM Selection/Rejection Form explained that the insured could select stacked or non-stacked coverage only for bodily injury liability limits, not property damage. ECF No. 1-3 at 3. It allowed the Trissells to select stacked UM/UIM coverage "equal to my Bodily Injury and Property Damage Liability Insurance limits of $25,000/$50,000/$50,000 for all vehicles on the policy, for $226.79." Id. Thus, the Trissells were given a choice to stack the bodily injury liability limits of $25,000/$50,000, the only stacking option available. On multi-vehicle policies in New Mexico, Allstate does not provide an option to purchase UM/UIM coverage on some vehicles and reject it on others. ECF No. 15 at 6, UDF No. 13; ECF No. 15-1 at 1 (Hall Decl.). Nor does Allstate offer an option to stack less than all of the UM/UIM coverage under the multi-vehicle policy. ECF No. 15 at 6, UDF No. 14; ECF No. 15-1 at 1 (Hall Decl.).

The Trissells also signed the UM/UIM Selection/Rejection Form affirming that the options selected would apply to future renewals unless Allstate was notified in writing. ECF No. 1-3 at 5; ECF No. 15 at 3, UDF No. 8. The Trissells have admitted that they did not notify Allstate in writing of any desired changes to their selection. ECF No. 1 at 3 (Complaint para. 14); ECF No. 6 at 2 (Answer para. 14). That selection was incorporated into the renewal auto policy declarations (coverage detail for each vehicle) and indicated that "Uninsured Motorist Insurance Bodily Injury limits of insured vehicles may not be

stacked." ECF No. 15 at 4, UDF No. 10; ECF No. 1-2 at 9–10; see also ECF No. 1-2 at 13 (indicating non-stacked UM coverage equal to bodily injury liability limits of $25,000/$50,000 in the supplement to policy declarations).

The court concludes that Allstate satisfied the Jordan requirements. Allstate offered the Trissells all of the options available based upon the liability limits selected and quoted the premiums charged for UM/UIM coverage. See ECF No. 1-3 at 3–4. The Trissells had the option to select the maximum stacked UM/UIM they could purchase given their bodily injury limits of $25,000/$50,000. There is no requirement that an insurer offer UM/UIM coverage on a per-vehicle basis in a multi-vehicle policy, nor is there a requirement that an insurer provide premium amounts for options not available. Jordan requires premium costs be disclosed for "each available option." Jordan, 245 P.3d at 1217.

The Trissells argue that a per-vehicle rejection of stacking is required by Bird v. State Farm Mutual Auto Insurance Co., 165 P.3d 343, 349 (N.M. Ct. App. 2007). Bird indicated in a parenthetical that under Montano v. Allstate Indemnity Co., 92 P.3d 1255 (N.M. 2004), an insurer must obtain a written rejection of stacking for each additional vehicle given an anti-stacking provision. Bird, 165 P.3d at 349. The illustration in Montano concerns a policy where the insurer offers stacking on a per-vehicle basis (so a written rejection of stacking on each vehicle would be appropriate), but it does not mandate such an offering. As courts in this district have explained, the premium disclosure and rejection are designed for available options, not every permutation

imaginable. See Gov't Emps. Ins. Co. v. Shroyer, No. 1:15-cv-00306 PJK/SCY, 2015 WL 12669885, at *4 (D.N.M. Dec. 1, 2015); Jaramillo v. GEICO, No. 6:10-cv-1095 JCH-LFG, 2011 WL 13085936, at *7 (D.N.M. Sept. 14, 2011) (noting that where insurer offers UM/UIM coverage on a per-policy, rather than a per-vehicle basis, "[a] form presenting the illusory option to select UM/UIM coverage on one vehicle while rejecting it on another would simply have caused confusion rather than alleviating it").

For the same reason, the court must reject the Trissells' contention that they could not make a knowing rejection of stacking in the absence of disclosure of premiums for stacking for each vehicle. The Trissells were informed that the option they selected would be incorporated into the policy and could be changed upon written notification to Allstate. That did not occur. Moreover, the choice not to stack was incorporated into the policy and disclosed. Accordingly, the Trissells (in accordance with the policy terms) may not stack. See ECF No. 1-2 at 35. Thus, it is unnecessary to decide the extent of or legal import of any regulatory approval of Allstate's UM Selection/Rejection Form by the New Mexico Office of the Superintendent of Insurance in 2013.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED and DECREED that:

(1) Plaintiff/Counter-Defendant Allstate's Motion for Summary Judgment filed September 18, 2017, ECF No. 15, is granted;

(2) Defendants/Counter-Plaintiffs Bernie and Michael Trissell's Motion for Summary Judgment filed September 18, 2017, ECF No. 16; is denied.

DATED this 5th day of December 2017, at Santa Fe, New Mexico.


/s/Paul Kelly, Jr.
United States Circuit Judge
Sitting by Designation

Counsel:
Jennifer A. Noya (Anna E. Indahl with her on the briefs), Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque, New Mexico for Plaintiff/Counter-Defendant.

Brian G. Grayson, Grayson Law Office, LLC, Albuquerque, New Mexico, for Defendants/Counter-Plaintiffs.